# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JANE L. STAFFIERI,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-457**  (Fam. Ct. Berkeley Cnty. No. FC-02-2023-D-390)

**DOMENIC D. STAFFIERI,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jane L. Staffieri ("Wife") appeals the Family Court of Berkeley County's September 12, 2023, final divorce order denying her permanent spousal support. Respondent Domenic D. Staffieri ("Husband") responded in support of the family court's decision.[1] Wife did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in March of 1989 and separated on March 3, 2023. No children were born of the marriage. The final divorce hearing was held on August 23, 2023. At that hearing, Wife requested $300 per month in permanent spousal support. A review of the final hearing DVD reveals that the family court thoroughly inquired of both parties regarding the spousal support factors codified in West Virginia Code § 48-6-301 (2018).[2]

---

[1] Both parties are self-represented.

[2] West Virginia Code § 48-6-301(b) (2018) lists the following factors for consideration when determining whether a party is entitled to spousal support:

(1) The length of time the parties were married;
(2) The period of time during the marriage when the parties actually lived together as husband and wife;
(3) The present employment income and other recurring earnings of each party from any source;
(4) The income-earning abilities of each of the parties, based upon such factors as educational background, training, employment skills, work

experience, length of absence from the job market, and custodial responsibilities for children;

(5) The distribution of marital property to be made under the terms of a separation agreement or by the court under the provisions of § 48-7-6 *et seq.* of this code, insofar as the distribution affects or will affect the earnings of the parties and their ability to pay or their need to receive spousal support and separate maintenance: *Provided,* That for the purposes of determining a spouse's ability to pay spousal support, the court may not consider the income generated by property allocated to the payor spouse in connection with the division of marital property unless the court makes specific findings that a failure to consider income from the allocated property would result in substantial inequity;

(6) The ages and the physical, mental, and emotional condition of each party;

(7) The educational qualifications of each party;

(8) Whether either party has foregone or postponed economic, education, or employment opportunities during the course of the marriage;

(9) The standard of living established during the marriage;

(10) The likelihood that the party seeking spousal support and separate maintenance can substantially increase his or her income-earning abilities within a reasonable time by acquiring additional education or training;

(11) Any financial or other contribution made by either party to the education, training, vocational skills, career, or earning capacity of the other party;

(12) The anticipated expense of obtaining the education and training described in § 48-6-301(b)(10) of this code;

(13) The costs of educating minor children;

(14) The costs of providing health care for each of the parties and their minor children;

(15) The tax consequences to each party;

(16) The extent to which it would be inappropriate for a party, because that party will be the custodian of a minor child or children, to seek employment outside the home;

(17) The financial need of each party;

(18) The legal obligations of each party to support himself or herself and to support any other person;

(19) Costs and care associated with a minor or adult child's physical or mental disabilities; and

(20) Any other factors as the court determines necessary or appropriate to consider in order to arrive at a fair and equitable grant of spousal support and separate maintenance.

When questioned about the spousal support factors, the parties testified as follows: (1) they were married for thirty-four years; (2) they lived together for almost the entirety of the thirty-four years; (3) both receive disability benefits; (4) both have the ability to work; (5) Wife is open to training or additional education to increase her earning potential after she consults her doctor; (6) both parties have a high school education, (7) Wife has a significant amount of medical bills; (8) Husband, at the time of the hearing, was living in a hotel for $1,750 per month and only had $800 leftover each month to cover his other expenses; (9) neither party has forgone educational or economic opportunities during the marriage; (10) the parties lived paycheck to paycheck during the marriage; and (11) neither party contributed to the education or career of the other party.

Based upon the parties' testimony, the family court found that, although both parties were similarly situated financially, short-term spousal support was appropriate to help with Wife's financial hardship while she attempted to find part-time work. Accordingly, the family court denied Wife's request for permanent spousal support and held that Husband would pay Wife $100 per month for six months. The final order was entered on September 12, 2023. It is from that order that Wife now appeals.

For these matters, we apply the following standard of review:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Wife raises one assignment of error. She asserts that the family court erred when it denied her request for permanent spousal support in the amount of $300 per month. We disagree.

This Court cannot set aside a family court's factual findings "unless [they are] clearly erroneous." A finding is clearly erroneous only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Syl. Pt. 1, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996). Under the clearly erroneous standard, appellate courts do not reweigh the evidence and cannot reverse a family court's findings simply because it may have viewed the evidence differently. *See Mulugeta v. Misailidis*, 239 W. Va. 404, 410, 801, S.E.2d 282, 288 (2017) ("We recognize that as long as the family court fully considers the mandatory statutory

factors, and its award of spousal support is within the parameters of reasonableness, this Court should not disturb the award on appeal.").

Here, Wife is asking this Court to reweigh the evidence and rule in her favor. We decline to do so. Upon review of the comprehensive divorce order and the record below, we find that the family court thoroughly inquired of the parties, fairly analyzed all the evidence before it, and reached a reasonable conclusion as expressed in its order. Wife failed to demonstrate that the findings of the family court were clearly erroneous or that the family court abused its discretion by declining to grant her request for permanent spousal support.

Accordingly, we affirm the family court's September 12, 2023, final order.

Affirmed.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4